UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  SACV 15-00871-JLS (DFMx)                                   Date:  September 24, 2015
Title:     Wendi Luirette Amado v. US Bancorp et al.

Present: **HONORABLE JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Terry Guerrero | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

   Not Present                                                          Not Present

**PROCEEDINGS:**     (IN CHAMBERS) ORDER DENYING PLAINTIFF'S MOTION TO REMAND ACTION TO STATE COURT (Doc. 12)

   Before the Court is Plaintiff Wendi Luirette Amado's Motion to Remand Action to State Court. (Mot., Doc. 12.) Defendant U.S. Bancorp filed an Opposition, and Amado replied. (Opp'n, Doc. 16; Reply, Doc. 17.) The Court finds this matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. R. 7-15. Accordingly, the hearing set for September 25, 2015 at 2:30 p.m., is VACATED. For the following reasons, the Court DENIES Plaintiff's Motion.

**I.     BACKGROUND**

   On April 29, 2015, Amado brought this action against U.S. Bancorp in Orange County Superior Court. (Notice of Removal ¶ 2, Doc. 1.) Amado alleges that she was terminated from her position as an Assistant Manager around May 29, 2014, as a result of racial favoritism and discrimination against Caucasian employees. (Compl. ¶ 14, Doc. 1-1.) Amado asserts claims for (1) race discrimination in violation of the Fair Employment and Housing Act ("FEHA"); (2) failure to take all reasonable steps to prevent harassment in violation of Cal. Gov't Code § 12940(k) et seq.; and (3) retaliation in violation of FEHA. (Id. ¶¶ 23-41.) Amado seeks general, special, punitive and exemplary damages, loss of earnings, attorneys' fees and costs, and prejudgment interest. (Id. at 8-9.)
   On June 3, 2015, U.S. Bancorp removed the matter to this Court on the basis of diversity jurisdiction. (Notice of Removal ¶ 1.) On June 29, 2015, Amado filed the present Motion. (Mot.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 15-00871-JLS (DFMx)                              Date:  September 24, 2015
Title:       Wendi Luirette Amado v. US Bancorp et al.

## II.   LEGAL STANDARD

When reviewing a notice of removal, "[i]t is to be presumed that a cause lies outside the limited jurisdiction of the federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (quotation marks omitted)).  Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

"[W]here it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled," the removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount.  *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007).  "Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).  On a motion to remand, the Court "consider[s] facts presented in the removal petition as well as any summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (internal citations and quotation marks omitted).  The Court weighs the defendant's evidence against any countervailing evidence showing that the amount in controversy falls below $75,000.  *See Metro. Stevedore Co. v. Rambo*, 521 U.S. 121, 137 n.9 (1997) (When applying the preponderance standard, a court considers "how convincing the evidence in favor of a fact [is] in comparison with the evidence against it before that fact may be found.").

## III.   DISCUSSION

Amado contends that the Court must remand this action to state court because the amount in controversy does not satisfy the statutory requirement.  *See* 28 U.S.C. § 1332(a).  In her Complaint, Amado does not specify the amount of damages sought.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. SACV 15-00871-JLS (DFMx) | Date: September 24, 2015 |
| Title: Wendi Luirette Amado v. US Bancorp et al. | |

U.S. Bancorp, however, argues that the amount in controversy is met because the total amount of damages that Amado seeks in lost earnings, emotional distress damages, punitive damages, and attorneys' fees exceeds $75,000. (Opp'n at 5-12.) The Court finds that U.S. Bancorp has satisfied its burden of showing that the amount in controversy in this case exceeds $75,000.

As an initial matter, it is undisputed that Amado seeks at least $61,000 in compensatory damages based on lost earnings. Amado alleges that she was terminated around May 29, 2014, and filed this action against U.S. Bancorp on April 29, 2015. (Compl. ¶ 14.) U.S. Bancorp removed the action to this Court on June 3, 2015. (Notice of Removal.) In her Reply, Amado admits that, "assuming [she] would have continued to work the same schedule with the same pay structure since her termination," U.S. Bancorp has shown that Amado "could be owed a total of around $61,000.00." (Reply at 6; *see also* Opp'n at 2 ("[U]sing Plaintiff's method of calculating lost wages for the 12-month period between date of her unemployment through the date of removal, . . . 12 months of lost wages is $61,000).) "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). Thus, the undisputed evidence shows that Amado seeks at least $61,000 in lost earnings through the date of removal.[1]

Thus, to satisfy the requisite jurisdictional amount, U.S. Bancorp must show by a preponderance of the evidence that at least $14,000 more in damages and fees is in dispute. U.S. Bancorp argues that because "Plaintiff also demands emotional distress damages, punitive damages, and attorneys' fees," it is "'more likely than not' that these three demands *combined* put at least $14,000 at issue . . . ." (Opp'n at 2.)

Courts consider emotional distress damages in determining the amount in controversy and may look to damages awarded in similar cases in the geographic area. *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) ("[T]he district court properly considered . . . emotional distress damage awards in similar age discrimination

---

[1] The evidence suggests that Amado actually seeks more than $61,000 in lost earnings because she has not prayed for lost earnings through the date of removal only. However, for the purposes of the present Motion, and for the sake of being as generous to Amado as possible, the Court will assume that only $61,000 in lost earnings is in dispute.

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. SACV 15-00871-JLS (DFMx) | Date: September 24, 2015 |
| Title: Wendi Luirette Amado v. US Bancorp et al. | |

cases in Washington."). U.S. Bancorp has shown that emotional distress damages in employment discrimination cases can exceed $14,000. *See, e.g.*, *id.* (upholding the trial court's finding that emotional distress damages would "at least add an additional $25,000 to [the plaintiff's] claim" in an age discrimination case where lost wages amounted to at least $55,000); *see also Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002) (finding that although the defendant's cited case was "not perfectly analogous," it still sufficiently "indicate[d] that emotional distress damages in a successful employment discrimination case may be substantial).

Similarly, "[i]t is well established that punitive damages are part of the amount in controversy in a civil action." *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001), *superseded by statute on other grounds as stated in Berry v. Am. Express Publ'g Corp.*, 381 F. Supp. 2d 1118 (C.D. Cal. 2005). "Punitive damages are available under FEHA." *Haase v. Aerodynamics Inc.*, No. 2:09-CV-01751-MCE-GG, 2009 WL 3368519, at *4 (E.D. Cal. Oct. 19, 2009) (citing Cal. Gov't Code § 12940). "To establish probable punitive damages, defendant may introduce evidence of jury verdicts in cases involving analogous facts." *Simmons*, 209 F. Supp. 2d at 1033. U.S. Bancorp has cited analogous cases that demonstrate that punitive damages in employment discrimination cases may exceed $14,000. *See, e.g.*, *Kallen v. Tillamook Cty. Creamery Ass'n*, No. 2:14-CV-04997-ODW, 2014 WL 4384708, at *2-3 (C.D. Cal. Sept. 4, 2014) (finding that when "[c]ombined with the $58,333.33 backpay figure, [the plaintiff's] potential punitive damages meet the amount-in-controversy threshold" in a case concerning FEHA violations); *Haase*, 2009 WL 3368519 at *4 (finding that "even a minimum award of punitive damages would satisfy the jurisdictional requirement" in an action brought pursuant to FEHA where the plaintiff's lost wage claim at the time of removal totaled $21,830 and general damages pled were in excess of $50,000); *see also Simmons*, 209 F. Supp. 2d at 1033 (finding that despite distinguishable facts in the cases cited, they nevertheless "amply demonstrate[d] the potential for large punitive damage awards in employment discrimination cases").

Finally, "where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy." *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). FEHA authorizes an award of attorneys' fees. Cal. Gov't Code § 12965; *see Nichols v. City of*

___

| | |
|---|---:|
| **CIVIL MINUTES – GENERAL** | **4** |

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. SACV 15-00871-JLS (DFMx) | Date: September 24, 2015 |
| Title: Wendi Luirette Amado v. US Bancorp et al. | |

*Taft*, 155 Cal. App. 4th 1233, 1239 (2007). Even if attorneys' fees "cannot be precisely calculated, maintaining a race discrimination claim . . . undoubtedly require[s] substantial effort from counsel. . . . [A]ttorneys' fees in individual discrimination cases often exceed the damages." *Simmons*, 209 F. Supp. 2d at 1035 (N.D. Cal. 2002). U.S. Bancorp therefore also has demonstrated that the amount in controversy related to attorneys' fees also exceeds $14,000 in this case.

Even if the Court were to accept Amado's arguments and assume that emotional distress damages, punitive damages, and attorney's fees each individually total less than $14,000, the Court still finds that U.S. Bancorp has sufficiently demonstrated that the amount in controversy related to emotional distress damages, punitive damages, and attorneys' fees, when combined, exceed $14,000. *See Simmons*, 209 F. Supp. 2d at 1035 ("While attorneys' fees alone would not necessarily exceed $75,000, when viewed in combination with alleged compensatory, punitive, and emotional distress damages, the jurisdictional minimum is clearly satisfied.")

Accordingly, the Court finds that U.S. Bancorp has satisfied its burden of showing that the amount in controversy in this case exceeds $75,000.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES Amado's Motion.

___