JOAN B. TUCKER FIFE (SBN: 144572)
jfife@winston.com
RAQUEL M. MASON (SBN: 301747)
rmason@winston.com
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111-5802
Telephone: (415) 591-1000
Facsimile: (415) 591-1400

EMILIE C. WOODHEAD (SBN: 240464)
ewoodhead@winston.com
WINSTON & STRAWN LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

Attorneys for Defendant
U.S. BANCORP

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| WENDI LUIRETTE AMADO,<br><br>Plaintiff,<br><br>vs.<br><br>U.S. BANCORP, and Does 1 through 10, inclusive,<br><br>Defendant. | **Case No. SACV15-00871 JLS (DFMx)**<br><br>*[Assigned to Hon. Josephine L. Staton, U.S. District Judge, and Hon. Douglas F. McCormick, Magistrate Judge]*<br><br>**ORDER ON STIPULATION FOR PROTECTIVE ORDER CONCERNING DISCOVERY AND CONFIDENTIAL INFORMATION AND ORDER** |

Subject to the approval of this Court, Plaintiff WENDI LUIRETTE AMADO ("Plaintiff") on the one hand, and Defendant U.S. BANCORP ("Defendant") on the other hand, by and through their respective Counsel, hereby stipulate to the following protective order:

**1.    PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in This Action will likely involve production of confidential, proprietary, trade secret, or private information for which special protection from public disclosure and from use for any purpose other than litigating this matter would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal. The parties further acknowledge that nothing in this Stipulated Protective Order shall preclude either party from asserting that a document is of such a confidential or private nature that it should not be produced or that it should only be produced in redacted form, or from seeking a protective order to preclude the production of certain documents.

**2.    DEFINITIONS**

2.1.    <u>Party</u>: any Party to This Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel (and their support staff).

2.2.    <u>Non-Party</u>: any third party that produced or produces any material to a

1

ORDER ON STIPULATION FOR PROTECTIVE ORDER CONCERNING DISCOVERY AND CONFIDENTIAL INFORMATION AND ORDER
SACV15-00871 JLS (DFMx)

Party in connection with This Action, regardless of whether those materials are produced voluntarily or in response to a subpoena, or other formal or informal discovery process.

2.3. <u>Customer</u>: any individual who utilized Plaintiff's services and is referenced in any way and/or format pursuant to this Action, including, but not limited to, in deposition testimony, documents produced by either Party, written discovery responses, and/or briefing.

2.4. <u>This Action</u>: means the above-captioned action pending in this Court, including any related discovery pretrial, post-trial or appellate proceedings.

2.5. <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, documents, electronic data, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.6. <u>Confidential Information and Items</u>: information (regardless of how generated, stored, or maintained) or tangible things that contain information involving proprietary, trade secrets, or confidential business or financial information, or personal information protected by the California constitutional right of privacy and other related statutes protecting the Parties' rights to privacy.

2.7. <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.8. <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in This Action.

2.9. <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.10. <u>Privileged Material</u>: all items or information, or portions of items or information, regardless of the medium or manner generated, stored, or maintained

(including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter that are subject the attorney-client privilege and/or the attorney work product doctrine.

2.11. <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL." Any designation as confidential does not make inapplicable section 6 below.

2.12. <u>Outside Counsel</u>: attorneys who are not employees of a Party but who are retained to represent or advise a Party in This Action (as well as their internal support staffs).

2.13. <u>House Counsel</u>: attorneys who are employees of a Party (as well as their internal support staffs).

2.14. <u>Counsel (without qualifier)</u>: Outside Counsel and House Counsel (as well as their support staffs).

2.15. <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in This Action and who is not a past or current employee of a Party or a Party's competitor, and who, at the time of retention, is not anticipated to become an employee of a Party or a Party's competitor. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.16. <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, organizing, storing, retrieving data in any form or medium, etc.) and their employees and subcontractors.

**3. SCOPE**

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), and Confidential Information and Items, but

3

ORDER ON STIPULATION FOR PROTECTIVE ORDER CONCERNING DISCOVERY AND CONFIDENTIAL INFORMATION AND ORDER
SACV15-00871 JLS (DFMx)

also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or Counsel to or in court or in other settings that might reveal Protected Material and Confidential Information and Items.

## 4. DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

## 5. DESIGNATING PROTECTED MATERIAL

5.1. <u>Exercise of Restraint and Care in Designating Material for Protection</u>: Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. Mass, indiscriminate, or routinized designations are prohibited. If it comes to a Party's or a Non-Party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or Non-Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2. <u>Manner and Timing of Designations</u>: Except as otherwise provided in this Order (see, e.g., sections 2.7 and 2.12 above and the second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

(a) <u>For information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings)</u>: that the Producing Party affix the legend "CONFIDENTIAL" at the top, bottom or right margin of each page that contains Protected Material or, alternatively, on the first page of a multi-page document, if the entire document is protected. If only a portion or portions of the

material on a page qualifies for protection, the Producing Party should endeavor to identify the protected portion(s) (e.g., by making appropriate markings in the margins) and specify, for each portion, the level of protection being asserted ("CONFIDENTIAL").

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order; then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL") at the top, bottom or right margin of each page that contains Protected Material and Confidential Information and Items. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also should endeavor to identify the protected portion(s) (e.g., by making appropriate markings in the margins). Where large amounts of data are produced electronically on a CD-rom or disk, it is sufficient to label the CD-rom or disk itself "CONFIDENTIAL." Under such circumstances, the entirety of the data contained on the CD-rom or disk shall be treated as if each individual document resident thereon were so marked, and any excerpts printed from such electronically stored data shall be identified by the Party using the excerpt as "CONFIDENTIAL," as appropriate.

(b) <u>For testimony given in deposition or in other pretrial or trial proceedings</u>: that the Party or Non-Party designating the testimony, identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "CONFIDENTIAL." When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of

the testimony may qualify for protection, the Party or Non-Party designating the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL") within 30 days of the court reporter's mailing of the transcript or within 30 days after entry of this Order, whichever is later.  Only those portions that are appropriately designated for protection shall be covered by the provisions of this Order.

Transcript pages containing Protected Material and Confidential Information and Items must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL," as instructed by the Party or Non-Party offering or sponsoring the witness or presenting the testimony.

(c)     <u>For information produced in some form other than documentary, and for any other tangible items</u>: that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, should identify the protected portions, specifying whether they qualify as "CONFIDENTIAL."

5.3.    <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  If material is appropriately designated as "CONFIDENTIAL" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Stipulated Protective Order.

5.4.    <u>Past Designations</u>.  The Parties have a right to secure protection under

this Order for qualified material that has been produced or generated in the course of this Action prior to the enactment of this Order within 15 days of the entry of this Order if the qualified material is appropriately designated as "CONFIDENTIAL."

**6. CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1. <u>Timing of Challenges</u>. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2. <u>Meet and Confer</u>. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (i.e. at least one voice-to-voice dialogue, in addition to any communications via U.S. Mail, facsimile, or e-mail) with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3. <u>Judicial Intervention</u>. A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Said motion can be filed at any time without argument regarding, or any waiver due to, the challenging Party's untimeliness or delay. However, each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and

confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

## 7. ACCESS TO AND USE OF PROTECTED MATERIAL AND CONFIDENTIAL INFORMATION AND ITEMS

7.1. <u>Basic Principles</u>. A Receiving Party may use Protected Material and Confidential Information and Items that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material and Confidential Information and Items may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 12 below (FINAL DISPOSITION).

Protected Material and Confidential Information and Items must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulated Protective Order.

7.2. <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose, after having given reasonable written notice to Designating Party, any information or item designated CONFIDENTIAL only to:

7.2.1. the Receiving Party's Counsel of record in This Action, House Counsel and said Counsel's paralegals, as well as other employees of said Counsel to

whom it is reasonably necessary to disclose the information for this litigation;

7.2.2. the officers, directors, and employees of the Receiving Party (other than those covered by subsection 7.2.1 above) to whom disclosure is reasonably necessary for this litigation;

7.2.3. Experts (as defined in this Stipulated Protective Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Appendix A);

7.2.4. the Court and its personnel;

7.2.5. court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

7.2.6. witnesses in the action to whom disclosure is reasonably necessary and who, if the disclosure is made other than on the records at a deposition or court hearing, have signed the "Agreement to Be Bound by Protective Order" (Appendix A).  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material and Confidential Information and Items must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; or

7.2.7. the author of the document or the original source of the information.

**8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in This Action as "CONFIDENTIAL," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately, and in no event more than three court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

9

ORDER ON STIPULATION FOR PROTECTIVE ORDER CONCERNING DISCOVERY AND CONFIDENTIAL INFORMATION AND ORDER
SACV15-00871 JLS (DFMx)

The Receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in This Action to disobey a lawful directive from another court.

## 9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL AND CONFIDENTIAL INFORMATION AND ITEMS

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material and Confidential Information and Items to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material and Confidential Information and Items, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Appendix A.

## 10. FILING PROTECTED MATERIAL AND CONFIDENTIAL INFORMATION AND ITEMS

Without written permission from the designating party or a court order secured after appropriate notice to all interested persons, a party may not file in the public

record in this action any protected material.  A party that seeks to file under seal any protected material must comply with Civil Local Rule 79-5.1.

## 11.   PRIVILEGED MATERIAL

The Parties shall be permitted but not obligated to review materials for privilege and/or work product protection prior to producing them in this matter.  If a Producing Party discovers that it has produced Privileged Material, it may notify the Receiving Party, which will promptly destroy, delete, or return all copies of such Privileged Material.  Furthermore, if the Receiving Party has already disclosed the Privileged Material prior to receiving this notice, the Receiving Party must take reasonable steps to retrieve the materials or ensure their destruction.  Unless otherwise agreed by the Parties in writing, no Party shall be permitted to retain Privileged Material after receiving notification under this section, even if the Parties dispute the privilege and/or work product status of the materials.  If the Parties subsequently agree or the Court orders that such materials should be disclosed, the Producing Party will produce new copies of the materials.

## 12.   FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of This Action, each Receiving Party must return all Protected Material and Confidential Information and Items to the Producing Party, or ensure that such materials, information and/or items are deleted or destroyed. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material and Confidential Information and Items.  Upon request by the Designating Party after the conclusion of this Action, the Receiving Party must submit a written certification (via U.S. Mail, facsimile, or e-mail) to the Producing Party (and, if not the same person or entity, to the Designating Party) within ten (10) days of said request that confirms that all the Protected Material and Confidential Information and

1  Items produced have been returned, deleted and/or destroyed and that affirms that the
2  Receiving Party has not retained any copies, abstracts, compilations, summaries or
3  other forms of reproducing or capturing any of the Protected Material and
4  Confidential Information and Items.  Notwithstanding this provision, Counsel are
5  entitled to retain an archival copy of all pleadings, motion papers, discovery,
6  transcripts, legal memoranda, correspondence or attorney work product, even if such
7  materials contain Protected Material and Confidential Information and Items, to be
8  used solely in the event of any dispute between Counsel and their clients.  Any such
9  archival copies that contain or constitute Protected Material and Confidential
10 Information and Items remain subject to this Protective Order as set forth in section 4
11 (DURATION) above.

**13.   MISCELLANEOUS**

13.1.  <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2.  <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to the use of any of the material covered by this Protective Order at trial, in evidence or otherwise.

///
///
///

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: February 10, 2016         PERONA, LANGER, BECK, SERBIN, MENDOZA & HARRISON

By: */s/ Brennan S. Kahn*
Todd H. Harrison, Esq.
Jacob J. Larsen, Esq.
Brennan S. Kahn, Esq.
Attorneys for Plaintiff
WENDI LUIRETTE AMADO

Dated: February 10, 2016         WINSTON & STRAWN LLP

By: */s/ Raquel M. Mason*
Joan B. Tucker Fife, Esq.
Emilie C. Woodhead, Esq.
Raquel M. Mason, Esq.
Attorneys for Defendant,
U.S. BANCORP

### FILER'S ATTESTATION

I, Raquel M. Mason, am the ECF user whose identification and password are being used to file this certification. In accordance with Local Rule 5-4.3.4(2)(i), I hereby attest that the above-named signatories concur in this filing.

DATED: February 10, 2016         By: */s/ Raquel M. Mason*
Raquel M. Mason
Attorney for Defendant
U.S. BANCORP

### ORDER

**IT IS SO ORDERED.**

Dated: February 12, 2016

DOUGLAS F. McCORMICK
United States Magistrate Judge

13

ORDER ON STIPULATION FOR PROTECTIVE ORDER CONCERNING DISCOVERY AND CONFIDENTIAL INFORMATION AND ORDER
SACV15-00871 JLS (DFMx)

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ in the case of *Wendi Luirette Amado v. U.S. Bancorp*, Case No. SACV15-00871 JLS (DFMx). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____